UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

        Petitioner,                      Case No. 1:08-cv-321

v.                                                  Honorable Janet T. Neff

WILLIE O. SMITH,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Discussion**

I.   Factual Allegations

Petitioner is incarcerated at the Ionia Maximum Correctional Facility. He is currently serving a three and one-half to fifteen years sentence for a first-degree criminal sexual conduct conviction. (Ex. A to Pet., docket #1.) Petitioner, however, does not challenge his conviction or sentence. Instead, he challenges Respondent's failure to correct certain allegedly incorrect information contained in his Michigan Department of Corrections (MDOC) Parole Guidelines Scoresheets in 2002, 2003 and 2004, which may have influenced subsequent parole denials. (Pet. at 2.)

On December 27, 2001, Petitioner was released from prison on parole. (Ex. A to Pet.) The parole board revoked his parole in April 2002 on the basis of violation. (*Id.*) Petitioner was returned to the MDOC on May 5, 2002. (Pet. at 2) On October 14, 2002, the Michigan Parole Board completed the Parole Guidelines Scoresheet for Petitioner with a score of -13, which equates to a low probability of parole. (Ex. B to Pet.) On December 6, 2002, the Michigan Parole Board denied Petitioner's parole for twelve months without an interview. (Pet. at 2.) Petitioner alleges that his October 14, 2002 Parole Guidelines Scoresheet erroneously included one point for a prior felony conviction and one point for a prior assaultive felony conviction. (Pet. at 3; Ex. B to Pet.) If the inaccurate scores had not been included in Petitioner's 2002 Parole Guidelines Scoresheet, Petitioner alleges that he would have received a score of -12, which equates to an average probability of parole. (Pet. at 3.) With a score of -12 on his Parole Guidelines Scoresheet, Petitioner argues that he would have received a parole interview in 2002. (*Id.*)

The Michigan Parole Board did not correct Petitioner's Parole Guidelines Scoresheet in 2003.  On October 30, 2003, the Michigan Parole Board completed the Parole Guidelines Scoresheet for Petitioner with one point for a prior felony conviction and one point for a prior assaultive felony conviction.  (Ex. E to Pet.)  Petitioner received a score of -11, which equates to an average probability of parole, on the October 30, 2003 Parole Guidelines Scoresheet.  (Pet. at 4; Ex. E to Pet.)  Again, the Parole Board denied Petitioner's parole.  (Pet. at 2.)

In 2004, the Michigan Parole Board partially corrected Petitioner's Parole Guidelines Scoresheet after Petitioner filed a Step I grievance.  On January 29, 2004, the Step I Grievance Response for Grievance No. KTF-04-01-64-16d acknowledged the errors in Petitioner's Parole Guidelines Scoresheet.  (Ex. F to Pet.)  The Step I Grievance Response stated that Petitioner's Parole Guidelines Scoresheet was recalculated.  (*Id.*)  Petitioner alleges that his score was in fact not corrected, because his Parole Guidelines Scoresheet still contained one point for a prior felony conviction.  (Pet. at 4.)  On February 23, 2004, the Michigan Parole Board denied Petitioner's parole for another twelve months.  (Pet. at 4; Ex. H to Pet.)  On December 27, 2004, the Michigan Parole Board completed Petitioner's Parole Guidelines Scoresheet again with one point for a prior felony conviction.  (Ex. J to Pet.)  On January 21, 2005, the Michigan Parole Board denied Petitioner's parole for another twelve months.  (Pet. at 5; Ex. K to Pet.)

On December 7, 2005, the Michigan Parole Board finally interviewed Petitioner based on a correct Parole Guidelines Scoresheet.  (Pet. at 5.)  At that interview, however, Petitioner could not discuss the prior mistakes in his Parole Guidelines Scoresheets.  (*Id.*)  Petitioner was reconsidered for parole on April 11, 2006.  (Ex. K to Pet.)

Petitioner complains "not of 'parole decisions', but of a systematic failure to correct material inaccuracies in [Petitioner's] Parole Guidelines Scoresheets of 2002, 2003, and 2004[,] which was relied upon in denying [Petitioner's] parole." (Pet. at 2.) He states that he is entitled to have his parole decisions based on accurate information under the Due Process Clause of the Fourteenth Amendment. (Pet. at 6.) Petitioner cites *Owens v. Birkett,* No. 00-CV-10440-BC, 2002 WL 337527 (E.D. Mich. Feb. 22, 2002), for the proposition that a petitioner has a constitutional right to expunge false information from a prisoner's file, which is relied on to make parole decisions. (Pet. at 6-7.)

II.     Exhaustion

Under statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial under state statute. The former version of MICH. COMP. LAWS § 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MICH. COMP. LAWS § 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MICH. COMP. LAWS § 791.234(11) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* MICH. CT. R. 7.104(D)(1), (2)(a). As a result, the Sixth Circuit Court of Appeals has held that a Michigan petitioner's failure to exhaust his challenge to parole procedures is excused under 28 U.S.C. § 2254(b)(1)(B)(i), because Michigan law

- 4 -

does not provide a state corrective process for such a claim. *Jackson v. Jamrog,* 411 F.3d 615, 618 (6th Cir. 2005).[1] Because the state statute prohibits a prisoner from appealing a parole denial, Petitioner appears to have no available state court remedy in which to exhaust his claims. Thus, I will address the merits of his claim.

### III. Merits

Petitioner challenges certain inaccurate information contained in his MDOC Parole Guidelines Scoresheets in 2002, 2003 and 2004 that may have influenced his parole denials in 2002, 2003, 2004 and 2005. To the extent Petitioner challenges his 2002, 2003, 2004 and 2005 parole denials, Petitioner's application may be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214. Even if Petitioner's application satisfied the one-year statute of limitations, he fails to raise a meritorious federal claim.

To establish a procedural due process violation for a parole denial, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has

---

[1] The *Jackson* court referenced a previous version of the statute, MICH. COMP. LAWS § 791.234(9). This Court cites the current version of the statute, MICH. COMP. LAWS § 791.234(11), which only has been numerically amended since the *Jackson* decision. *See* MICH. COMP. LAWS § 791.234(11) (as amended by 2006 Mich. Pub. Acts 167).

no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993);

*Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In addition, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Petitioner has served his fifteen-year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Petitioner for parole, therefore, implicates no federal right.

In the absence of a liberty interest, Petitioner cannot show that the inaccurate information contained in his Parole Guidelines Scoresheet in 2002, 2003 and 2004 was relied upon to a constitutionally-significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir.

Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).

Petitioner's reliance on *Owens,* 2002 WL 337527, is misplaced.  In *Owens*, the plaintiff demanded expungement of erroneous information from his prison file.  *Owens,* 2002 WL 337527, at *2.  The district court dismissed plaintiff's civil rights complaint without prejudice for his failure to exhaust administrative remedies.  *Id.* at *5.  Any other statement made by the court in *Owens* is *dictum* and, in any event, is not binding on this Court.  The Sixth Circuit has clearly held that Michigan prisoners have no liberty interest in parole.  Allegedly false information in a parole file, by definition, cannot be relied on to a "constitutionally significant degree."  To the extent that *Owens* suggests a contrary rule in *dictum*, it is simply incorrect.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  May 21, 2008                    /s/  Joseph G. Scoville
                                        United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).